IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

        Plaintiff,                  No. CIV S-02-0214 MCE GGH P

    vs.

MURPHY, et al.,

        Defendants.            ORDER

_____ /

        Judgment for defendants was entered in this prisoner civil rights action, pursuant to 42 U.S.C. § 1983, on March 31, 2006.  Plaintiff appealed and, on June 4, 2007, this case was reversed: 1) as to the grant of summary judgment for the defendant prison guards on plaintiff's Eighth Amendment excessive force claim;[1] and 2) as to the dismissal of plaintiff's due process claim with regard to subsequent disciplinary action.

        With respect to the excessive force claim, the Ninth Circuit having found that the district court should not have granted summary judgment on the first prong of <u>Saucier v. Katz</u>, 533 U.S. 194 (2001), this matter has been remanded:

---

[1] As the Eighth Amendment claim for inadequate medical care is not addressed in the mandate and was evidently not the subject of the appeal, entry of summary judgment for defendants as to that claim remains undisturbed.

1

>   1) to determine whether, under Brownlee's description of the facts,
>   the guards are eligible for qualified immunity under Saucier's
>   second prong, and
>   2) if they are not so eligible, to resolve this genuine issue of
>   material fact.

Ninth Circuit Opinion, filed 5/08/07,[2] pp. 2-3.

As to the plaintiff's due process challenge with regard to subsequent disciplinary proceedings, the Ninth Circuit panel acknowledged that this claim "may be read to challenge the revocation of good-time credits on procedural grounds," and, if so, this court properly dismissed this claim under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). The appellate court added:

>   However, we cannot be sure on the record before us of the effect of
>   any such revocation under the applicable legal regime. Moreover,
>   Brownlee's *pro se* complaint may also be read to challenge
>   Brownlee's "confinement in segregation" on due process grounds.
>   To the extent the § 1983 claim challenges only the manner of
>   confinement, rather than its duration, Heck would not bar it from
>   proceeding.

As noted in Circuit Judge Bybee's partial dissent, plaintiff was assessed a ninety day credit loss, having been found to have violated a state regulation by obstructing a peace officer during a violent incident. Plaintiff alleges due process violations, including bias, during the disciplinary proceedings. His complaint seeks to implicate certain defendants for their refusal "to overturn the plaintiff['s] disciplinary conviction [] despite their knowledge of the above described due process violations, constituted deliberate indifference and further denied the plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution." Complaint, filed on January 25, 2002, p. 14.

As Judge Bybee notes further:

>   Reversal of that conviction would certainly implicate the sanctions
>   Brownlee received, including the loss of good-time credits.
>   Indeed, a district court reviewing Brownlee's due process claim
>   would have to consider that sanction. Even reading Brownlee's

---

[2] The opinion was filed in this court on June 4, 2007.

> pro se complaint in the most charitable light, the majority's contention that Brownlee somehow "challenges only the manner of confinement, rather than its duration" simply is not plausible. Because good-time credits are understood to impact the "duration of sentence," <u>Edwards v. Balisok</u>, 520 U.S. 641, 643, 646 (1997), Brownlee's challenge to the loss of good-time credits is precisely the type of § 1983 action barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).

Ninth Circuit Judge Bybee's Opinion, concurring in part and dissenting in part, at pp. 1-2.

Judge Bybee goes on to cite <u>McQullion v. Schwarzenegger</u>, 369 F.3d 1091, 1097 (9th Cir. 2004), stating that plaintiff's allegation is "precisely the kind of complaint we have dismissed as within <u>Heck</u> and <u>Edwards</u>." <u>Id.</u>, at p. 3. Nevertheless, it is obviously the panel's majority opinion which controls and this court must now seek further briefing as to how plaintiff's claim does not *necessarily* challenge the fact or duration of confinement. The court will grant plaintiff twenty (20) days to so demonstrate in a supplemental filing. In doing so, the court notes that this will be plaintiff's third opportunity to address this issue, plaintiff having elected not to do so on two earlier occasions.[3] Should plaintiff fail to submit a timely filing sufficiently responsive to this order, the court will find that plaintiff's reinstated due process challenge does, in fact, necessarily implicate the duration of his confinement and will reinstate the dismissal of this due process claim predicated on the precise reasoning set forth in the dissent. The court herein also, in light of the remand, will set forth a new litigation schedule.

Accordingly, IT IS ORDERED that:

1. Plaintiff must file, within twenty days, supplemental briefing demonstrating that his due process challenge to the prison disciplinary conviction in which he was assessed

---

[3] The review of the undersigned of the record of this due process claim, for money damages only, reveals that this claim was originally dismissed, pursuant to <u>Heck</u>, <u>supra</u>, and <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997), with leave to amend in a screening order, filed on April 18, 2002. Plaintiff opted not to amend this claim by filing an amended complaint and, thereafter, the court filed <u>Findings and Recommendations</u>, on June 12, 2002, recommending dismissal of the claim. Once again, plaintiff did not act to revive the claim, filing no objections, after which the <u>Order</u> adopting the findings and recommendations was filed on August 28, 2002.

1  ninety days of behavioral credits did not necessarily implicate the fact or duration of his

2  confinement; failure to do so will result in the reinstatement of the dismissal of this claim as

3  <u>Heck</u>-barred;

4        2. All dispositive pretrial motions shall be filed on or before September 30, 2007.

5        3. Plaintiff shall file and serve his pretrial statement and any motions necessary to

6  obtain the attendance of witnesses at trial on or before January 18, 2008. Defendants shall file

7  their pretrial statement on or before February 1, 2008. The parties are advised that failure to file

8  a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

9        4. Pretrial conference (as described in Local Rule 16-282) is set in this case for

10 February 8, 2008, before the magistrate judge. The pretrial conference shall be conducted on the

11 file only, without appearance by either party.

12       5. This matter is set for jury trial before the Honorable Morrison C. England, Jr.,

13 on May 19, 2008, at 9:00 a.m. in Courtroom # 3.

14 DATED: 6/20/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brow0214.rmd

4