IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

       Plaintiff,                        No. CIV S-02-214 MCE GGH P

   vs.

MURPHY, et al.,

       Defendants.              ORDER

_____/

       On April 14, 2010, plaintiff pro se filed a motion for a copy of the trial transcripts. A jury trial was commenced on March 8, 2010, and judgment for defendants was entered in this civil rights action on March 9, 2010. Plaintiff filed a notice of appeal on March 12, 2010.

       A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991)(production of transcript at government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question"). Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

    (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court.... Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

    Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. <u>Henderson v. United States</u>, 734 F.2d 483, 484 (9th Cir.1984). His generic statement that he needs the trial transcripts to prepare his opening brief on appeal does not provide a sufficient basis for his need for the transcripts. Based on plaintiff's notice of appeal, wherein plaintiff sweepingly asserts that "every defendant...lied on the stand" and his transcript request, the court finds that the appeal does not present a substantial question and the request for a transcript at government expense is denied. In addition, plaintiff is notified that the appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court.

    IT IS HEREBY ORDERED that plaintiff's March 14, 2010 (docket # 243) request for a copy of the trial transcripts at government expense is denied.

Dated: May 5, 2010

/s/ Morrison C. England, Jr.
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE